479 S.E.2d 927

**In re CHRISTINE TIARA W.**

**No. 23339.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 11, 1996.

Decided Dec. 12, 1996.

---

Barbara L. Baxter, Assistant Attorney General, Charleston, for Appellant Department of Health & Human Resources.

Bruce M. White, Harrisville, for Appellee Donald W.

James M. Bradley, Jr., Albright, Bradley & Ellison, Parkersburg, Guardian ad litem.

PER CURIAM:

This is an appeal[1] from an order of the Circuit Court of Wood County in a child neglect and abuse proceeding brought by the appellant, the West Virginia Department of Health and Human Resources, under the provisions of W.Va.Code § 49–6–1, *et seq.* In

the petition, the Department of Health and Human Resources sought to terminate the parental rights of Donald W. to Christine Tiara W. on the ground that Donald W. had abandoned the child. Donald W. did not have custody of Christine Tiara W., and, on the basis of this Court's holding in *State ex rel. McCartney v. Nuzum,* 161 W.Va. 740, 248 S.E.2d 318 (1978), that a child neglect and abuse case could not be brought against a non-custodial parent, the circuit court concluded that it could not properly consider the termination issue in the present child neglect and abuse case, since Donald W. did not have custody of Christine Tiara W. On appeal, the Department of Health and Human Resources concedes that *State ex rel. McCartney v. Nuzum, Id.,* does indicate that the circuit court cannot consider a child neglect and abuse case against a non-custodial parent, but it claims that decision should be overruled on that point.

Since the circuit court rendered its ruling in the present case, and since the filing of this appeal, this Court in *In re: Katie S. and David S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996), has reconsidered the issue raised by the Department of Health and Human Resources and has overruled the holding in *State ex rel. McCartney v. Nuzum, supra,* which served as the basis of the circuit court in the present case. In light of the new rule, as expressed in *In re: Katie S. and David S.,* the Court concludes that the dismissal order of the circuit court must be reversed and that this case must be remanded for further development.

The record in this case shows that Christine Tiara W. was born on January 10, 1988, and shortly after Christine's birth, Donald W., who is believed to be her father, was incarcerated in Orient, Ohio. At the time, Donald W. surrendered temporary custody of Christine to the West Virginia Department of Health and Human Resources, which placed

---

1. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996, and continuing until further order of this Court.

actually custody of Christine with Donald W.'s sister, Kelly K. Christine has resided constantly with Kelly K. and her husband from that time until the institution of the present proceeding in June, 1995.

On June 2, 1995, the Department of Health and Human Resources instituted the present proceeding by filing an abuse and neglect petition with the Circuit Court of Wood County. In the petition, the Department of Health and Human Resources alleged that the health, safety, and welfare of Christine were harmed, and threatened, by the refusal, failure, or inability of Donald W. to provide her with adequate clothing, food, medical support, supervision, and education. The petition also alleged that Donald W. was in prison, serving a one-to-three-year sentence for driving under the influence of alcohol, third offense, and that Christine was in need of continuity of caretakers and stability. The petition sought the termination of Donald W.'s parental rights.

A hearing was conducted on the petition on Thursday, July 20, 1995. At the hearing, a social worker, Christine Layne, testified that the parental rights of Christine Tiara W.'s mother had been previously terminated and that she had been placed in the care of the K.'s, and that Christine Tiara W. had been properly cared for by the K.'s and that the K.'s had expressed a desire to adopt her. She further testified that Christine Tiara W. wished to stay with the K.'s and that she was suffering from some anxiety over the fact that her father, Donald W., might attempt to remove her from the State. According to Christine Layne, Donald W. had been incarcerated on numerous occasions after the birth of the child, and in approximately seven years he had provided her with $20.00 in support and had never attempted to obtain custody of her. On one occasion, while Donald W. was taking care of Christine Tiara W., she suffered an injury which later required nine stitches, but he was too intoxicated to get her to an emergency room. Other testimony indicated that Donald W. had in the past visited with Christine Tiara W. on several occasions, had given her a number of gifts, had provided her with little articles of clothing, and had expressed an interest in her.

In the course of the hearing, a question arose as to whether the circuit court had jurisdiction to consider the case, since, according to Donald W., the evidence did not show that Donald W. had actual custody of the child.

The circuit court requested that the parties brief the legal question, and, after briefs were submitted, the court dismissed the action because Donald W. did not have custody of the child. In his opinion and letter, the trial judge stated:

This is an abuse and neglect proceeding wherein the parent whose parental rights are sought to be affected does not have custody, and has not had custody for most of the child's seven years of life.

The seminal case on the subject, which has never been overruled, distinguished, modified or in any way criticized, clearly holds that W.Va.Code § 49–1–3, defining an abused and neglected child, is premised on the concept that the parent who has *actual* custody of a child abuses or neglects the child, and that the statute *does not apply* where the parent has not had such custody. *State ex rel. McCartney v. Nuzum*, 161 W.Va. 740, 248 S.E.2d 318 (1978).

\*      \*      \*      \*      \*      \*

It is clear in the subject proceeding that the natural father has *abandoned* the child, but that does *not* invoke the jurisdiction of the court in an abuse and neglect proceeding. . . .

The circuit court was correct in stating that in *State ex rel. McCartney v. Nuzum, supra,* this Court held that W.Va.Code § 49–1–3, the statute underlying an abuse and neglect proceeding, contemplates that the proceeding be brought against a party who has actual custody of a child and who either abuses or neglects the child. The circuit court also correctly noted that *State ex rel. McCartney v. Nuzum, supra,* held that a

child neglect and abuse proceeding is not appropriate where a natural parent, who has not had actual custody of the child, is a party respondent and where the only act of abuse or neglect charged is an act of psychological abuse occasioned by the natural parent's attempt to obtain lawful custody of the child under court order.

■ As previously indicated, in *In re: Katie S. and David S., supra,* this Court recently specifically overruled that portion of *State ex rel. McCartney v. Nuzum, supra,* which holds that an abandonment question cannot be tried in an abuse and neglect case against a non-custodial parent.[2] Specifically, the Court stated in syllabus point 1 of *In re: Katie S. and David S., supra:*

> When the Department of Health and Human Services finds a situation in which apparently one parent has abused or neglected the children and the other has abandoned the children, both allegations should be included in the abuse and neglect petition filed under W.Va.Code 49–6–1(a) (1992). Every effort should be made to comply with the notice requirements for both parents. To the extent that *State ex rel. McCartney v. Nuzum,* 161 W.Va. 740, 248 S.E.2d 318 (1978), holds that a non-custodial parent can be found not to have abused and neglected his or her child it is expressly overruled.

■ In light of the holding in *In re: Katie S. and David S., supra,* and its reversal of *State ex rel. McCartney v. Nuzum, supra,* the West Virginia Department of Health and Human Resources is correct in asserting that the trial court erred in dismissing the present case for the ground stated.

The Court notes that Donald W., in his brief in this case, argues that the petition filed with the circuit court fails to allege that he has abandoned Christine.[3] This Court, after carefully examining the petition, finds that, even though it does not use the words "abandon" or "abandonment", the petition does allege sufficient facts which, if proven, would support a finding of abandonment. Additionally, the Court believes that the allegations of fact, if proven, would support a finding that the facts show neglect within the meaning of W.Va.Code § 49–1–3.

For the reasons stated, the judgment of the Circuit Court of Wood County is reversed, and this case is remanded for further development.

Reversed and remanded.

ALBRIGHT, Justice, deeming himself disqualified, did not participate in this case.

RECHT, Judge, sitting by temporary assignment.

---

2. Without specifically overruling *Nuzum,* we had previously urged that allegations of abandonment against an absent parent should be brought in the initial petition for abuse and neglect when facts supported such allegation. *In re Christina L.,* 194 W.Va. 446, 460 S.E.2d 692 (1995).

3. Donald W. has not made a cross-assignment of error on this point or on any other point.